**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CARLOS ALEXI LOPEZ ORDONEZ,

      Petitioner,

v.

TODD LYONS, Acting Director of
Immigration and Customs Enforcement,
et al.,

      Respondents.

Case No. 3:26-cv-629-TJC-MCR

## **O R D E R**

On March 23, 2026, Petitioner Carlos Alexi Lopez Ordonez, an immigration detainee at Baker Correctional Institute, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus. (Doc. 1; Petition). The Federal Respondents filed a Response. (Doc. 9; Response). Respondent Warden, Baker Correctional Institute filed a Motion to Dismiss the Petition. (Doc. 10). The case is now ripe for review.

### **I. Background**

Petitioner, a citizen of Honduras, entered the United States without inspection on or around October 10, 2022. Petition at 5. Since his entry, "he has lived in Jacksonville, Florida, as a law-abiding member of his community, he has earned a living as a construction worker, and he has no criminal record."

Id. On March 17, 2026, Petitioner was stopped in a vehicle by a law enforcement officer, who then transferred him to the custody of Immigration and Customs Enforcement (ICE). Id. at 6. Petitioner notes that during his encounter with law enforcement, he had not "engaged in any traffic infraction or any criminal conduct." Id. On March 19, 2026, ICE issued Petitioner a Notice to Appear before an immigration judge on April 15, 2026 (Response at 2), but there is no information in the record confirming whether that hearing occurred.

## II. Analysis

The Petition contains three counts, alleging: (1) Respondents have violated the Immigration and Nationality Act, 8 U.S.C. § 1225(b), and implementing regulations; (2) Respondents have violated Petitioner's Fourth Amendment right against unreasonable seizures; and (3) Respondents have violated the Administrative Procedure Act and the Accardi doctrine by failing to follow their own custody and parole regulations. Petition at 7–10. As relief, Petitioner requests, inter alia, immediate release or an order directing Respondents provide him with a bond hearing before an immigration judge. Id. at 11.

The Court has recently addressed nearly identical issues in Orozco Torres v. U.S. Dep't of Homeland Sec., No. 3:26-cv-646-TJC-LLL, 2026 WL 947955 (M.D. Fla. April 8, 2026). The Court incorporates the reasoning in Orozco Torres into this Order. A difference between the two cases is that Orozco Torres had a

bond hearing at which the immigration judge determined he had no jurisdiction to consider bond, whereas Petitioner likely has not. But his efforts to secure a meaningful hearing would likewise be futile, given Respondents' position that he is being held under § 1225(b)(2) and that statute "mandates his detention." Response at 15.

Accordingly, the Court rejects the Federal Respondents' arguments that two statutory provisions, 8 U.S.C. § 1252(g) and (b)(9), deprive this Court of jurisdiction to adjudicate Petitioner's claims and that he failed to exhaust his administrative remedies prior to filing this case. Regarding the merits of his claim, the Court finds, in line with Orozco Torres, that Petitioner is not properly detained under § 1225(b)(2). Thus, his Petition is due to be granted. See 2026 WL 947955, at *6.[1]

---

[1] The Second Circuit Court of Appeals recently came to a similar conclusion. See Cunha v. Freden, No. 25-3141-pr, 2026 WL 1146044 (2d Cir. April 28, 2026) ("Section 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission, and who were not apprehended at or near the border at the time of entry. This result is dictated by the plain text of these provisions, and further confirmed by the statute's context, structure, history, and purpose. It likewise comports with the Supreme Court's established understanding of Sections 1225 and 1226. It reflects Executive Branch practice over thirty years and across five Presidential administrations. Moreover, it explains why Congress has never challenged that settled practice despite making numerous amendments to the immigration laws. Finally, even if the government's newfound interpretation of Section 1225(b)(2)(A) were plausible—and it is not—we would nonetheless reject it based on our obligation to construe these statutes in a manner that would avoid the serious constitutional questions attendant to what would be the broadest mass-

3

### III. Remedy

The Court considered requiring an individualized hearing before an immigration judge on Petitioner's detention. However, the Board of Immigration Appeals decision in <u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216 (BIA 2025), which is binding on all immigration judges, held that such judges lack authority under 8 U.S.C. § 1225(b)(2) to consider bond requests for individuals who entered the United States without admission. Thus, if the Court were to require a hearing, the immigration judge would be bound to find, under <u>Hurtado</u>, that he or she lacks jurisdiction to provide Petitioner with a meaningful hearing. Additionally, Respondents argue that § 1225(b)(2) "mandates [Petitioner's] detention." Response at 15. Respondents fail to argue in the alternative that Petitioner is subject to detention under 8 U.S.C. § 1226, which would require a meaningful bond hearing. <u>Id.</u> at 1 (requesting that the Court "deny the writ and dismiss this action").

For these reasons, the Court finds ordering an individualized hearing would not afford relief and would be futile. <u>See, e.g.</u>, <u>Rivero v. Mina</u>, No. 6:26-cv-66-RBD-NWH, --- F. Supp. 3d --- , 2026 WL 199319, at *4 (M.D. Fla. Jan. 26, 2026) (explaining that when the government "asserted no lawful basis" for petitioner's detention, allowing his continued detention while waiting for a

---

detention-without-bond mandate in our Nation's history for millions of noncitizens.")

hearing "would gut the purpose of habeas review") (citations omitted). Without any lawful basis for his detention at this time, and unable to access a meaningful bond hearing, the Court can only find that Petitioner is entitled to immediate release.

Since the Court will grant the Petition because Petitioner is not properly detained under § 1225(b)(2), it does not, and need not, address his other claims and arguments. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").[2]

Accordingly, it is hereby

**ORDERED**:

1.    Carlos Alexi Lopez Ordonez's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One; the Petition is otherwise **denied without prejudice** as moot. Respondents shall release Petitioner **within 48 hours of the entry of this Order**. Respondents shall facilitate Petitioner's transportation from the detention facility by notifying his counsel when and where he can be collected.

---

[2] For example, the Court declines to address Petitioner's Fourth Amendment and Administrative Procedure Act arguments.

2.  No later than **May 8, 2026**, Respondents shall **FILE** a notice with the Court confirming that Carlos Alexi Lopez Ordonez has been released from custody.

3.  Respondent Warden, Baker County Correctional Institute's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 10) is **DENIED as moot.**

4.  The Clerk shall **enter judgment** granting the Petition as to Count One and **close** the file.

5.  The Court **retains jurisdiction** to effectuate this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of May, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record

6